**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
MARSHALL COUNTY, OKLAHOMA, COUNTY  )
COMMISSIONERS ex rel, MARSHALL     )
COUNTY OKLAHOMA, et. al.,          )
                                   )
               Plaintiffs,         )
                                   )
      v.                           ) No. CIV-12-47-FHS
                                   )
HOMESALES, INC., et al.,           )
                                   )
               Defendants.         )
```

### ORDER

Before the court for its consideration is Plaintiffs' Motion to Remand and Brief in Support (Doc. #15). In this motion, plaintiffs allege this case was improperly removed to this court by defendants. Plaintiffs argue that complete diversity is not present. Defendants responded there is complete diversity because the defendant Jason Howell was fraudulently joined to destroy diversity. The court now turns to the merits of the motion.

Plaintiffs filed their lawsuit on January 3, 2012, in Marshall County, Oklahoma. Defendants removed this action to the United Stated District Court for the Eastern District of Oklahoma on February 1, 2012. Plaintiffs again filed a Motion to Remand arguing that diversity was lacking. Defendants argue that there was diversity because the defendant Jason Howell was fraudulently joined.

In the Motion to Remand, Plaintiffs allege there is not diversity as required by 28 U.S.C. Sec. 1332. 28 U.S.C. Sec. 1332 provides:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> > **(1)** citizens of different States;

It is admitted defendant Jason Howell is an Oklahoma resident. Plaintiffs are also Oklahoma residents. Thus, on the face of the Complaint there appears to be no diversity jurisdiction. Defendants argue that defendant Howell is an improperly joined defendant whose sole purpose for being named in this lawsuit is to destroy diversity jurisdiction. Defendants argue there is no actionable claim against defendant Howell.

Plaintiffs argue that defendant Howell could be liable because he participated in a conspiracy to file documents without paying the appropriate taxes. Plaintiffs contend the act of filing deeds on which documentary stamp taxes have not been paid, or are statutorily exempt, is unlawful. The law makes no exception allowing attorneys to file deeds for which documentary stamps have not been paid or exempted. Plaintiffs contend that agents of the defendants including defendant Howell, filed such deeds unlawfully. Plaintiffs claim defendant Howell and others conspired with other defendants to wilfully make application to reduce a tax obligation and willfully misstated material matters to avoid the payment of documentary stamp taxes when he filed and/or caused the faulty deeds to be filed.

The party asserting fraudulent joinder bears a heavy burden. In <u>Montano v. Allstate Indemnity</u>, 211 F.3d 1278 (Table), (10th Cir. 2000) the Tenth Circuit Court of Appeals stated:\

> The case law places a heavy burden on the party asserting fraudulent joinder. A representative example states: To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned. (Internal citations omitted)

It has long been the law that the court can "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Dodd v. Fawcett Publishing Inc., 329 F.2d 82, 85 (10th Cir. 1964). In doing so the court must determine whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendants. Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000). "A 'reasonable basis' means just that the claim need not be a sure thing, but it must have a basis in the alleged facts and applicable law." Nerad v. AstraZeneca Pharmaceutical, Inc., 203 Fed. Appx. 911, 913 (10th Cir. 2006). Plaintiffs have alleged defendant Howell conspired with other defendants to file documents without paying the appropriate required taxes. Under Oklahoma law, a civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means. Edwards v. Urice, 220 P.3d 1145, 1152 (Okla. Civ. App. Div. 1, 2008). The court finds plaintiffs have submitted sufficient facts to establish they may have an actionable conspiracy claim against defendant Howell. Defendant Howell in his affidavit admits that he prepared documents for his clients for use in mortgage foreclosure proceedings. Plaintiffs have alleged that he, along with other

people, caused those deeds to be filed without paying the appropriate taxes.  The court finds there is a reasonable basis to believe plaintiffs will prevail on the conspiracy claims against defendants.  <u>Badon</u> at 393.  Defendants had a heavy burden to establish that the plaintiffs could not establish a cause of action against the defendants.  <u>Montano v. Allstate Indemnity</u>, 211 F.3d 1278 (Table), (10th Cir. 2000).  They failed to meet this burden.  Accordingly, the court finds the defendant Howell was not fraudulently joined. As a result, no diversity of citizenship between the parties exists.  Accordingly, the Plaintiffs' Motion to Remand is **GRANTED.**

    **IT IS SO ORDERED** this 16th day of April, 2012.

*Frank H. Seay*
United States District Judge